UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

Jennifer DeLaRosa, individually
And on behalf of all others similarly situated,

  Plaintiff,
v.

Papa John's International, Inc.,

  Defendant.
_____/

**DEFENDANT PAPA JOHN'S INTERNATIONAL, INC.'S NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Defendant Papa John's International, Inc. (hereinafter "Defendant" or "Papa John's"), by and through its undersigned counsel, hereby files this statement of the grounds for removing this cause of action to the United States District Court for the Middle District of Florida, together with a copy of all process, pleadings and orders served upon Defendant to date in the state court action. Defendant's grounds for removal are as follows:

  1. On December 5, 2022, Plaintiff Jennifer DeLaRosa (hereinafter "Plaintiff"), individually and on behalf of all, others similarly situated, sued Papa John's for violations under the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 (the "FTSA"). Compl. ¶ 1.

  2. The lawsuit is pending in the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida under Case No. 22-CA-01088 ("State Action").

  3. On January 6, 2023, Papa John's was served with a Summons and copy of the Complaint in connection with the State Action. A copy of the State Court complaint is attached hereto as **Exhibit "A."**

  4. Papa John's timely files this Notice of Removal within 30 days of service in

1

accordance with 8 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Papa John's must be included with this Notice of Removal. The Summons and Complaint are attached as **Exhibit "B."** No other documents have been served on Papa John's.

6. This Court has personal jurisdiction over the parties.

7. Defendant Papa John's is the only named defendant in the Complaint.

8. Venue is proper in this Division in accordance with 28 U.S.C. § 1441(a).

9. The State Action is removable to this Court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In CAFA, Congress granted the federal courts diversity jurisdiction over putative class actions where: (1) the citizenship of at least one proposed class member is different from that of any defendant [*Id.* § 1332(d)(2)(A)]; (2) the putative class action consists of at least 100 proposed class members [28 U.S.C. § 1332(d)(5)(B)]; and (3) the matter in controversy, after aggregating the claims of the proposed class members, exceeds $5 million, exclusive of interests and costs [*Id.* §§ 1332(d)(2), (d)(6)]. Each of these requirements is satisfied here.

10. This action meets the CAFA definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).

11. Plaintiff Jennifer DeLaRosa is alleged to be a resident of the State of Florida. Compl. ¶ 23. Papa John's is informed and believes that Plaintiff is a citizen of the State of Florida.

12. Defendant Papa John's is alleged to be a "Foreign Profit Corporation." Compl. ¶ 7.

13. Defendant Papa John's is actually a Delaware corporation with its principal place

of business in Kentucky.

14. For purposes of assessing minimal diversity under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

15. Because the citizenship of at least one member of the putative class is diverse from the citizenship of at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied here.

16. On behalf of the putative classes, Plaintiff seeks, among other relief, compensatory damages in the form of statutory damages under the Florida Telephone Solicitation Act, Fla. Stat. § 501.059; and equitable and/or injunctive relief. Assuming, for the purposes of removal only, that the allegations in the Complaint are true, the amount in controversy exceeds $5 million, and the aggregate number of members of the putative class exceeds 100. *See* Compl., ¶ 21 (alleging that "Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several hundreds, if not more.) Accordingly, based on Plaintiff's allegations, the aggregate number of class members is many times greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B) and the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6).

17. The action does not fall within any exclusion to removal of jurisdiction recognized by 28 U.S.C. § 1332(d), and therefore this action is removable pursuant to CAFA, 28 U.S.C. § 1332(d) and § 1453(b).

18. For all the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d). Accordingly, this action is removable pursuant to 28

U.S.C. § 1441(a) and § 1453.

19.    Promptly after the filing of this Notice of Removal, Papa John's shall give written notice of the removal to the Plaintiff and will file a copy of this Notice of Removal with the Clerk of Court of the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Papa John's International, Inc. respectfully requests that the action be removed to this Court, and that this Honorable Court exercise jurisdiction over this matter.

| | |
|---|---|
| Dated: January 25, 2023 | By: */s/ Jenniffer Cabrera*<br>Jenniffer Cabrera (FBN 1034545)<br>jenniffer@troutmanfirm.com<br>Troutman Firm<br>1825 NW Corporate Blvd, Ste. 100<br>Boca Raton, Florida 33431<br>Telephone: 561-834-0883<br><br>*Counsel for Defendant Papa Johns International, Inc.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 25, 2023, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system that will send notification of such filing to all counsel of record. Additionally, a copy of the foregoing document has been served on the following counsel via email transmission:

Benjamin W. Raslavich, Esq.
ben@theKRfirm.com

*Counsel for Plaintiff*

                                                    */s Jenniffer Cabrera*
                                                    Jenniffer Cabrera