# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Jennifer DeLaRosa,
*individually and on behalf of all others similarly situated,*

      Plaintiff,                              CASE NO.: 8:23-cv-0179-CEH-SPF

vs.

Papa John's International, Inc.,

      Defendant.

_____/

## FIRST AMENDED CLASS ACTION COMPLAINT[1]

---

[1] Plaintiff timely amends as a matter of course thereby mooting Defendant's Motion to Dismiss (DE 14), Motion to Strike Class Allegations (DE 15), and Motion to Stay Discovery (DE 16). *See, e.g., S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1287 (N.D. Ga. 2013), order clarified, 15 F. Supp. 3d 1329 (N.D. Ga. 2013)("An amended complaint supersedes the original complaint, and thus renders moot a motion to dismiss the original complaint.")(citing *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir.2006); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir.1982)); *Durham v. NewRez, LLC*, 3:22-CV-89-MMH-MCR, 2023 WL 2018051, at *1 (M.D. Fla. Jan. 30, 2023), report and recommendation adopted, 3:22-CV-89-MMH-MCR, 2023 WL 2013525 (M.D. Fla. Feb. 15, 2023)(noting motion to dismiss and motion to strike class allegation had been denied as moot due to filing of amended complaint); *Gutherman v. 7-Eleven, Inc.*, 278 F. Supp. 2d 1374, 1379 (S.D. Fla. 2003)(denying motion to strike class allegations as moot in light of filing of amended complaint); *Dunn-Fischer v. Dist. Sch. Bd. of Collier County*, 2:10-CV-512-FTM, 2010 WL 5013906, at *1 (M.D. Fla. Dec. 3, 2010)(denying motion to dismiss and motion to stay discovery pending resolution of the same as moot in light of amended complaint); *Benzion v. Vivint, Inc.*, 12-61826-CIV, 2013 WL 12014439, at *2 (S.D. Fla. Sept. 9, 2013)(filing of amended complaint "moots Defendant's motion to dismiss and the motion to stay discovery pending a ruling on the motion to dismiss")

1

COMES NOW Plaintiff Jennifer DeLaRosa ("Plaintiff"), and brings this class action against Defendant Papa John's International, Inc. ("Defendant") for Defendant's violations of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, alleging as follows:

## NATURE OF THE ACTION

1. This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[2]

2. Defendant is a consumer goods and services retailer.

3. To promote its products and services, Defendant engages in telephonic sales calls to consumers without having secured prior express written consent as required by the FTSA.

4. To promote its products and services, Defendant engages in telephonic sales calls to consumers from a telephone number: 1) made available through a caller identification service, and; 2) not capable of receiving telephone calls.

5. Plaintiff and the Class members have been aggrieved by the Defendant's unlawful conduct, which adversely affected and infringed upon their legal rights not to be subjected to the illegal acts at issue.

6. Through this action, Plaintiff seeks an injunction and statutory damages on behalf of herself and the Class members, as defined below, and any other

---

[2] The amendment to the FTSA became effective on July 1, 2021.

available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

7. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that she was the regular user of telephone number *** - *** - 2528 ("Plaintiff's Telephone Number") that received Defendant's telephonic sales call.

8. Defendant is a corporation "doing business in this state" as defined by Fla. Stat. 501.059(1)(e).

9. Defendant is a "Telephone solicitor" as defined by Fla. Stat. § 501.059(1)(i).

10. Defendant is a "person" as defined by Fla. Stat. § 1.01(3).

## JURISDICTION AND VENUE

11. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.

12. Defendant made or caused to be made telephonic sales calls into Florida without the requisite prior express written consent in violation of the FTSA. Plaintiff received such a call while residing in and physically present in Hillsborough County, Florida.

13. Defendant made or caused to be made telephonic sales calls into Florida from a telephone number: 1) made available through a caller identification

service, and; 2) not capable of receiving telephone calls in violation of the FTSA. Plaintiff received such a call while residing in and physically present in Hillsborough County, Florida.

14. Venue in this District is proper because Plaintiff resides here, Defendant does business here, and the complained of conduct of Defendant occurred here.

## FACTUAL ALLEGATIONS

15. At all times material hereto, Plaintiff was and is a Florida resident and the regular user of Plaintiff's Telephone Number.

16. On or after July 1, 2021, Defendant made, or knowingly allowed to be made, the following "telephonic sales call" as defined by Fla. Stat. § 501.059(1)(j) to Plaintiff's Telephone Number from "short-code" telephone number 47272:

> Aug 8, 2021, 2:37 PM
>
> Papa John's: 2 is better than 1. Get 2 large 2-topping pizzas for $10 each w/code: 2L10SMS thru 8/8 @https://pj.pizza/2L10SMS STOP to cancel

17. The purpose of Defendant's telephonic sales call was to solicit the sale of consumer goods and/or services to Plaintiff, and/or to obtain information

4

that will or may be used for the direct solicitation of a sale of consumer goods or services.

18. Defendant's telephonic sales call encourages Plaintiff to access a hyperlink contained therein. This hyperlink directs to a website where Defendant solicits the sale of consumer goods and/or services, and/or obtains information that will or may be used for the direct solicitation of a sale of consumer goods or services. Defendant's telephonic sales call therefore ultimately leads to the promotion of goods and services.

19. Upon information and belief, Defendant caused similar telephonic sales calls to be sent to individuals in Florida.

20. The telephonic sales call detailed above involved an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed.

21. The involvement of an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed is demonstrated by Defendant's use of a "short-code" telephone number to send the message, the generic, impersonal nature of the message, and the inclusion of "STOP to cancel" in the message.

22. "Short-code" telephone numbers are shorter than traditional telephone numbers and are associated with systems involving computer and automated based dialing/calling/messaging platforms.

23. The phrase "STOP to cancel" is routinely associated with, and indicative of, an automated text messaging campaign.

24. The telephonic sales call detailed above was made without Plaintiff's "[p]rior express written consent" as defined by Fla Stat. § 501.059(1)(g).

25. As a result of the telephonic sales call detailed above, the "short-code" telephone number from which the telephonic sales call was sent was made available through a "caller identification service" as defined by § 501.059(8)(b).

26. The "short-code" telephone number from which the telephonic sales call detailed above was sent is not capable of receiving telephone calls.

27. Both Plaintiff and the telephone to which Plaintiff's Telephone Number was and is assigned were physically located in the State of Florida at the time of the above detailed telephonic sales call.

## CLASS ALLEGATIONS

28. Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3) and/or

Federal Rule of Civil Procedure 23. The "Classes" that Plaintiff seeks to represent are defined as:

> **Section 509.501(8)(a) Class:** All persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) on or after July 1, 2021.
>
> **Section 509.501(8)(b) Class:** All persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) from "short-code" telephone number 47272, (3) on or after July 1, 2021.

29. Defendant and its employees or agents are excluded from the Classes. Plaintiff reserves the right to modify or amend the Class definition(s), as appropriate, during the course of this litigation.

30. Plaintiff does not know the exact number of members in the Classes but believes the Class members number in the hundreds.

31. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to hundreds of consumers in Florida without their prior express written consent, from a telephone number not capable of receiving telephone calls. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

32. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the

Class members is a matter capable of ministerial determination from Defendant's call records.

33. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are: (1) Whether Defendant initiated a telephonic sales call to Plaintiff and the Class members; (2) Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls; (3) Whether the telephone number from which Defendant sent telephonic sales calls is made available through a caller identification service; (4) Whether the telephone number from which Defendant sent telephonic sales calls is capable of receiving telephone calls; and (5) Whether Defendant is liable for damages, and the amount of such damages.

34. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant transmits telephonic sales calls without prior express written consent is accurate, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case. Likewise, if Plaintiff's claim that Defendant transmits telephonic sales calls from a telephone number: 1) made available through a caller identification service, and; 2) that is not capable of receiving

8

telephone calls, is accurate, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

35. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

36. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

37. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically infeasible and procedurally impracticable. While the aggregate damages sustained by the Classes may be in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

38. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF FLA. STAT. § 501.059(8)(a)
### (On Behalf of Plaintiff and the Section 501.059(8)(a) Class)

39. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 38 as if fully set forth herein.

40. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

41. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be

used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

42. "Prior express written consent" means an agreement in writing that:

   1. Bears the signature of the called party;

   2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

   3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

   4. Includes a clear and conspicuous disclosure informing the called party that:

      a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

      b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

43. Defendant failed to secure prior express written consent from Plaintiff and the Class members.

11

44. In violation of the FTSA, Defendant made and/or knowingly allowed a telephonic sales call to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

45. Defendant made and/or knowingly allowed a telephonic sales call to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

46. Defendant's violation of Fla. Stat. § 501.059(8)(a) was willful or knowing, in that at all times material hereto Defendant knew it was making, or knowingly allowing to be made, a telephonic sales call involving an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called to Plaintiff's Telephone Number without Plaintiff's prior express written consent.

47. As a result of Defendant's conduct, and pursuant to §§ 501.059(10) and (11) of the FTSA, Plaintiff and Class members were harmed and are each entitled to recover damages, costs, and attorney's fees from Defendant. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II
## <u>VIOLATION OF FLA. STAT. § 501.059(8)(b)</u>
## (On Behalf of Plaintiff and the Section 501.059(8)(b) Class)

48. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 38 as if fully set forth herein.

49. The FTSA requires that "[i]f a telephone number is made available through a caller identification service as a result of a telephonic sales call, the solicitor must ensure that telephone number is capable of receiving telephone calls and must connect the original call recipient, upon calling such number, to the telephone solicitor or to the seller on behalf of which a telephonic sales call was placed." Fla. Stat. § 501.059(8)(b).

50. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

51. "Telephone solicitor" is defined as "a natural person, firm, organization, partnership, association, or corporation, or a subsidiary or affiliate thereof, doing business in this state, who makes or causes to be made a telephonic

sales call, including, but not limited to, calls made by use of automated dialing or recorded message devices." Fla. Stat. § 501.059(1)(i).

52. A "caller identification service" is defined as "a service that allows a telephone subscriber to have the telephone number and, where available, the name of the calling party transmitted contemporaneously with the telephone call and displayed on a device in or connected to the subscriber's telephone." Fla. Stat. § 501.059(8)(b).

53. In violation of the FTSA, Defendant made or caused to be made a telephonic sales call to Plaintiff, from a telephone number: 1) made available through a caller identification service, and; 2) not capable of receiving telephone calls.

54. Defendant's violation of Fla. Stat. § 501.059(8)(b) was willful or knowing, in that at all times material hereto Defendant knew it was making, or knowingly allowing to be made, a telephonic sales call to Plaintiff, from a telephone number: 1) made available through a caller identification service, and; 2) not capable of receiving telephone calls.

55. As a result of Defendant's conduct, and pursuant to §§ 501.059(10) and (11) of the FTSA, Plaintiff and Class members were harmed and are each entitled to recover damages, costs, and attorney's fees from Defendant. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes;

c) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Section 501.059(8)(a) Class;

d) An injunction requiring Defendant to cease all telephonic sales calls made from a telephone number: 1) made available through a caller identification service, and; 2) not capable of receiving telephone calls, and to otherwise protect the interests of the Section 501.059(8)(b) Class;

e) An award of reasonable attorney's fees and court costs;

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Classes, hereby demands a trial by jury.

DATED: March 20, 2023

                                            Respectfully Submitted By:

                                            /s/ *Benjamin W. Raslavich*
                                            **BENJAMIN W. RASLAVICH, ESQ.**
                                            Florida Bar No.: 0102808
                                            **KUHN RASLAVICH, P.A.**
                                            2110 West Platt Street
                                            Tampa, Florida 33606
                                            Telephone: (813) 422 – 7782
                                            Facsimile: (813) 422 – 7783
                                            ben@theKRfirm.com
                                            Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            /s/ *Benjamin W. Raslavich*
                                            **BENJAMIN W. RASLAVICH, ESQ.**
                                            Florida Bar No.: 0102808
                                            **KUHN RASLAVICH, P.A.**