UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER DELAROSA,

    Plaintiff,

v.                                                       Case No: 8:23-cv-179-CEH-SPF

PAPA JOHN'S INTERNATIONAL,
INC.,

    Defendant.
_____

## ORDER

This cause comes before the Court on Defendant Papa John's International, Inc.'s Motion to Bifurcate Discovery (Doc. 17). In this putative class action brought under the Florida Telephone Solicitation Act ("FTSA"), Plaintiff alleges that Defendant Papa John's International, Inc., sent her and other putative class members an automated, marketing text message without prior express written consent. Doc. 21. Defendant's motion requests to conduct discovery in three phases. Doc. 17. Plaintiff opposes the motion (Doc. 22), and Defendant has filed a reply (Doc. 29).

Upon review and consideration, and being fully advised in the premises, the Court will deny the motion.

## DISCUSSION

In its motion, Defendant asserts that good cause supports the bifurcation—or, more accurately, trifurcation—of discovery into three phases: the merits of Plaintiff's individual claims, class certification issues, and the merits of the class claims. Doc. 17

at 1. Defendant argues that Plaintiff's individual claims will "inevitably" be "dismissed as meritless," and bifurcation would allow the parties and the Court to avoid the far more resource-intensive process of discovery on the class certification issues and class claims until or unless the class proceeds. *Id.* at 1-5. It asserts that it will be prejudiced by unnecessarily having to undergo class-wide discovery simultaneously with that of the individual claims. *Id.* at 5. Even if the individual claims survive, Defendant argues that the class is not certifiable. *Id.* at 5-6. For this reason, Defendant contends it will be more expeditious to postpone discovery on the merits of the class claims until after class certification, thereby allowing the Court to review the propriety of class certification at an earlier time. *Id.* at 6-7.

Concurrently with its motion to stay, Defendant moved to dismiss the Complaint for failure to state a claim and to strike the class allegations. After Plaintiff filed an Amended Complaint, the Court dismissed both motions as moot. Docs. 21, 23, 24. The Court also dismissed as moot Defendant's concurrently-filed motion to stay discovery pending resolution of the motions to dismiss and strike class allegations. Docs. 16, 30. Defendant has filed new motions to dismiss and to strike the class allegations that are not yet ripe. Docs. 31, 32.

Plaintiff opposes bifurcation of discovery. Doc. 22. She argues that the motion is moot because it relies on the same arguments Defendant made in the motions to dismiss and strike class allegations that were deemed moot. *Id.* at 5-6. On the merits,

she asserts that phased discovery will be inefficient, because many of the issues and witnesses will necessarily overlap between the phases. *Id.* at 6-7.[1]

Courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). Such discretion extends to the ability to bifurcate discovery between issues pertaining to class certification and the merits. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992). Nonetheless, "courts may also decline to exercise that discretion." *Cabrera v. Gov't Emps. Ins. Co.*, No. 12-61390-CIV, 2014 WL 2999206, *8 (S.D. Fla. July 3, 2014). Courts have declined to bifurcate discovery where the issues to be raised in the proposed phases are so intertwined that it would not be in the interest of judicial economy to conduct discovery on them separately. *See*, *e.g.*, *Tillman v. Ally Financial, Inc.*, 2:16-cv-313-JES-CM, 2016 WL 9504326, *3 (M.D. Fla. Oct. 12, 2016) (declining to bifurcate discovery because "the issues cannot be divided into separate discovery categories"); *Lakeland Regional Medical Ctr., Inc. v. Astellas US, LLC*, 8:10-cv-2008-VMC-TGW, 2011 WL 486123, *2 (M.D. Fla. Feb. 7, 2011) (Covington, J.) (same, because "the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); *cf. Methelus v. School Bd. of Collier Cnty.*, 2:16-cv-379-DNF,

---

[1] Plaintiff also argues that the motion should be dismissed because Defendant mistakenly stated that her claim was brought under the Telephone Consumer Protection Act, the federal counterpart of the FTSA, and because the motion failed to comply with the Middle District of Florida's Local Rules regarding font and size requirements. Doc. 22 at 3-5. The Court declines to deny the motion on either basis, but cautions Defendant to ensure that its future filings comply with the Local Rules.

2016 WL 8539815, *2 (M.D. Fla. July 21, 2016) (recommending bifurcation of discovery where "the nature and scope of the claims in the case and the challenge to standing must be determined before any ruling on class certification would be appropriate"); *Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12-60798-CIV, 2012 WL 7856269, *2 (S.D. Fla. Nov. 27, 2012) (permitting bifurcation where defendant "made a plausible argument that it may be able to prevail on the merits against Plaintiff's individual claims"). The "general practice in the Middle District of Florida is not to bifurcate discovery." *Davis v. Coastal Dental Services, LLC*, 8:22-cv-941-KKM-TGW, 2022 WL 4553071, *1 (M.D. Fla. Sept. 1, 2022).

Here, the Court declines to exercise its discretion to bifurcate discovery. As explained in *Lakeland Regional*, the distinction between merits and class issues is often "murky at best, and impossible to discern at worst." 2011 WL 486123 at *2. The Court is not persuaded that the class and merits issues in this action are unusually distinct, such that there would be little to no overlap between the phases of discovery. Further, although Defendant has renewed its motion to dismiss Plaintiff's individual claims, the motion alleges the existence of a pleading deficiency rather than a dispositive merits issue or threshold issue such as standing. *Cf. Methelus*, 2016 WL 8539815 at *2; *Physicians Healthsource*, 2012 WL 7856269 at *2. In all, the circumstances do not warrant a deviation from this District's general practice of disfavoring bifurcation. *See Davis*, 2022 WL 4553071 at *1.

Accordingly, it is **ORDERED**:

4

1. Defendant Papa John's International, Inc.'s Motion to Bifurcate Discovery (Doc. 17) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 24, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

5